UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS SKINNER,

    Petitioner,                               Case No. 22-cv-10933
                                            Hon. Matthew F. Leitman
v.

MELINDA BRAMAN,

    Respondent.
_____/

## ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Douglas Skinner is a state inmate confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan. In 1990, a jury in the Genesee County Circuit Court convicted Skinner of assault with intent to murder, armed robbery, possession of a firearm in the commission of a felony, and being a third-felony habitual offender.

On April 25, 2022, Skinner filed a *pro se* writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) Because the Court concludes that Skinner's petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), the Court **TRANSFERS** this action to the United States Court of Appeals for the Sixth Circuit so that Skinner may seek permission from that Court to proceed further.

1

# I

Skinner has sought federal habeas relief from his incarceration several times. He first moved for habeas relief in the United States District Court for the Western District of Michigan in 1994. *See Skinner v. Toombs,* W.D. Mich. Case No. 94-cv-00488 (W.D. Mich. Oct. 28, 1996). That petition was dismissed without prejudice. Then, Skinner sought federal habeas relief in this Court in 2005. *See Skinner v. Luoma*, E.D. Mich. Case No. 05-cv-73632. That petition was dismissed as time-barred under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one year statute of limitations contained in 28 U.S.C. § 2244(b)(3)(A). *See Skinner v. Luoma*, 2006 WL 1374120 (E.D. Mich. May 17, 2006); *app. dism.* 6th Cir. Case No. 06-1805 (6th Cir. Nov. 29, 2006). Skinner now seeks federal habeas relief for a third time.

# II

As explained above, Skinner has already filed two prior petitions for a writ of habeas corpus seeking relief from his judgment of sentence and incarceration. An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of

appeals, the district court must transfer the petition to the court of appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The dismissal of Skinner's 2005 habeas petition based on his failure to comply with AEDPA's one-year statute of limitations is considered an adjudication on the merits that renders Skinner's current petition "second or successive" for the purpose of Section 2244(b). See *In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011) ("The dismissal of Mr. Rains's first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements"); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curium) (same). Cf. *In Re Cook,* 215 F.3d 606, 607-08 (6th Cir. 2000) (when petitioner's first habeas application was dismissed for procedural default arising from failure to exhaust state remedies where the statute of limitations had run on those remedies, the dismissal was "on the merits," and the petitioner's later habeas application was "second or successive," for purposes of Section 2244(b)).

Accordingly, for the reasons explained above, the Clerk of Court is directed to **TRANSFER** Skinner's habeas petition (ECF No. 1) to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

**IT IS SO ORDERED**.

Dated: May 11, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 11, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126